#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE NORTHERN DISTRICT OF GEORGIA
#### ATLANTA DIVISION

| | | |
|---|---|---|
| Jennifer Jordan, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action File No.: |
| | ) | |
| v. | ) | |
| | ) | |
| Midwest Recovery Systems, LLC, | ) | **COMPLAINT WITH** |
| | ) | **JURY TRIAL DEMAND** |
| Defendant. | ) | |
| | ) | |

## PRELIMINARY STATEMENT

This action for damages is based upon the Defendant's overt and intentional, unlawful conduct in the furtherance of its efforts to collect a consumer debt. The Defendant's conduct is in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692 *et seq.* and the Georgia Fair Business Practices Act, (GFBPA) O.C.G.A. 10-1-390 *et seq.*

## PARTIES

1.     Plaintiff, Jennifer Jordan, is a natural person who resides in Bartow County, Georgia.

2.     Defendant, Midwest Recovery Systems, LLC is a limited liability company formed under the laws of the State of Missouri and registered to do

business in Georgia. Defendant may be served with process via its registered agent, Corporation Service Company, 40 Technology Parkway South, Suite 300, Norcross, Georgia 30092.

## JURISDICTION AND VENUE

3. This Court has federal question jurisdiction over Plaintiff's Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. This Court has personal jurisdiction over Defendant because, *inter alia*, Defendants frequently and routinely conducts business in the State of Georgia, including the conduct complained of herein.

5. Pursuant to 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6. Pursuant to LR 3.1B(3), venue is proper in Atlanta Division because Defendant maintains a registered agent in Gwinnett County which is in the Atlanta Division.

## FACTUAL ALLEGATIONS

7. Plaintiff is allegedly obligated to pay a consumer debt arising out of an emergency room visit and is therefore, a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant's principal business is the collection of consumer accounts for its commercial benefit. Defendant regularly collects, or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to a third party.

9. Defendant uses interstate commerce and/or mail in its business in the collection of consumer debts.

10. Defendant manages, and collects upon, thousands of consumer debt accounts annually.

11. Defendant is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

12. Defendant had placed negative account information on Plaintiff's credit report.

13. In June of 2020, Plaintiff called Defendant in response to the credit reporting information.

14. When Plaintiff identified herself on the phone call, the Defendant's representative told Plaintiff the account was for an unpaid emergency room visit in 2017.

15. During the course of the call, Defendant attempted to solicit monthly payments from Plaintiff on the debt.

16. Plaintiff asked if she made monthly payments on the debt if those payments would be reflected on her credit report.

17. Defendant replied, "No, ma'am. The only time, yeah, the only time that we report it to the credit is when we receive the account in our office and then when it has been satisfied[,]" and "if you pay a, the balance or a settlement or make payments, once the account is closed, then we will send for a full credit deletion, to have it removed from your-from your credit completely."

18. Credit reporting by the Defendant is governed by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the FCRA).

19. Per 15 U.S.C. § 1681s-2(a)(1)(A) of the FCRA, a furnisher of credit information "…shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

20. Moreover, a data furnisher, such as the Defendant, has an affirmative duty to update the information provided to a credit reporting agency to maintain accuracy and completeness. 15 U.S.C. § 1681s-2(a)(2)(B).

21. Upon information and belief, Defendant's agreement(s) with Transunion and Experian require Defendant to report account information on a regular basis or schedule.

22. Defendant's representations that Plaintiff's credit reports would not be updated as payments were made, but rather only after certain accounts were paid in full was a false representation of the legal requirements for Defendant to update the information they provide to a credit reporting agency.

23. Defendant's representations mislead Plaintiff to believe that she needed to pay the accounts in full in order to have her credit report updated.

24. Also during the phone call, Plaintiff asked how long the debt will stay on her credit report.

25. Defendant replied, "as long as the account is in our office, it will be reported."

26. The FCRA mandates that consumer credit information may be reported for only seven (7) years from the date of first delinquency. 15 U.S.C. § 1681c(a)(4).

27. Defendant's statement that Plaintiff would have to pay the full balance of the account for the account to be deleted from Plaintiff's credit report was a false, deceptive, and misleading communication which implied that the account would stay longer than the seven years allowed by the FCRA.

28. Defendant's conduct contained communications which were false, misleading, and deceptive in connection with the collection of a debt.

29. Plaintiff was misled by Defendant's false statements.

30. Plaintiff suffered anxiety and worry that her debt would stay on her credit report until she paid it off entirely.

31. Plaintiff suffered her anxiety and worry as a direct result of Defendant's false statements.

32. Plaintiff took time out of her day to seek legal counsel as to whether the statements made by Defendant were true.

## INJURIES-IN-FACT

33. The FDCPA provides consumers with "statutorily-created rights to be free from 'being subjected to false, deceptive, unfair, or unconscionable means to collect a debt.'" *McCamis v. Servis One, Inc.*, No. 8:16-CV-1130-T-30AEP, 2016 U.S. Dist. LEXIS 99492 (M.D. Fla. July 29, 2016); *Church v. Accretive Health, Inc.*,

654 Fed. Appx. 990, 2016 U.S. App. LEXIS 12414, 2016 WL 3611543 (11th Cir. 2016).

34. An injury-in-fact sufficient to satisfy Article III standing requirements "may exist solely by virtue of statutes creating legal rights, the invasion of which creates standing." *Church*, at 993, quoting *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982).

35. Violation of statutory rights are not a "hypothetical or uncertain" injury, but one "that Congress has elevated to the status of a legally cognizable injury through the FDCPA." *McCamis*, at 4, citing *Church*, at 3.

36. Defendant is subjecting Plaintiff to false, deceptive, unfair, and unconscionable means to collect the debt.

37. Defendants acts and omissions caused particularized harm to the Plaintiff in that she was suffered worry and anxiety and took time to discuss her debt with counsel in response to the false statements.

38. Accordingly, through the suffering of actual damages and a violation of Plaintiffs' statutorily created rights under the FDCPA, Plaintiffs have suffered an injury-in-fact sufficient to establish Article III standing.

## DAMAGES

39. As a result of the Defendant's actions and/or omissions, Plaintiff has suffered actual damages, including but not limited to the following:

    a.) Being subjected to false, deceptive, unfair, and unconscionable debt collection practices;

    b.) Uncompensated time expended away from work and/or activities of daily living, to confer with counsel regarding the Defendant's collection efforts; and,

    c.) Anxiety and worry due to concerns that she might suffer negative credit reporting until her debt was paid off.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

40. Plaintiff incorporates by reference paragraphs 1 through 39 as though fully stated herein.

***Violations of 15 U.SC. § 1692e and its subparts***

41. 15 U.S.C. §•1692e specifically prohibits the use of any false, deceptive, or misleading representations or means in connection with the collection of any debt.

42. The use of "or" in § 1692e means a representation violates the FDCPA if it is false or deceptive or misleading. *Bourff v. Rubin Lublin*, LLC, 674 F.3d 1238, 1241 (11th Cir. 2012).

43. The standard in determining the nature of any such representation is that of the "least sophisticated consumer." Its purpose is to protect "naive consumers" with a minimal understanding of personal finance and debt collection. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1194 (11th Cir. 2010).

44. Moreover, the least sophisticated consumer is not to be held to the same standard as a reasonably prudent consumer. The least sophisticated consumer, though not unreasonable, is "ignorant" and "unthinking," "gullible," and of "below-average sophistication or intelligence," *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, No. 16-17107, 2019 U.S. App. LEXIS 33662, at 12-13 (11th Cir. Nov. 12, 2019), quoting *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1993).

45. A false representation in connection with the collection of a debt is sufficient to violate the FDCPA, even if it is not alleged or proven to be misleading or deceptive.

46. Defendant's statements were false and misleading statements about the Defendant's legal requirements to update its credit reporting and remove accounts after seven years.

47. Defendant's statements were threats to take action which it had no legal right to do, which is report purposefully inaccurate information about Plaintiff's accounts and report a debt for longer than seven years.

48. Defendant's false statements about the credit reporting of Plaintiff's debt caused Plaintiff anxiety and worry and required Plaintiff to seek legal counsel about Defendant's false statements.

49. Defendant's communications were in violation of 15 U.S.C. §§ 1692e, e(2)(A), e(5), e(8), and e(10) among others.

50. As a result of Defendant's violations of the FDCPA, Defendant is liable to Plaintiffs for actual damages as described herein, statutory damages in the amount of $1,000.00, costs of this action and reasonable attorney's fees as determined by the Court as mandated by 15 U.S.C. § 1692k.

## COUNT II

## VIOLATIONS OF THE GEORGIA FAIR BUSINESS PRACTICES ACT

## O.C.G.A. § 10-1-390, *et seq.*

51. Plaintiff incorporates by reference paragraphs 1 through 50 as though fully stated herein.

52. O.C.G.A. § 10-1-390 *et seq.* is commonly known as the "Fair Business Practices Act of 1975" (the "GFBPA").

53. The purpose of the GFBPA, is to protect consumers from unfair and/or deceptive practices in the conduct of any trade or commerce in part or wholly in the state. O.C.G.A. § 10-1-391.

54. O.C.G.A. § 10-1-391 directs that the GFPBA is to be interpreted and applied liberally and in harmony with the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1), which implements the FDCPA.

55. O.C.G.A. § 10-1-393(a) of the GFBPA broadly prohibits unfair and/or deceptive business practices.

56. Defendant intentionally engaged in unfair and deceptive business practices, as set forth herein, in an effort to collect a consumer debt.

57. Defendant's conduct has implications for the consuming public in general.

58. Defendant's conduct negatively impacts the consumer marketplace.

59. Collecting a debt incurred during a consumer transaction could harm the general consuming public if conducted via deceptive acts or practices and clearly falls within the parameters of the GFBPA. Thus, a violation of the FDCPA constitutes a violation of the GFBPA. *See 1st Nationwide Collection Agency, Inc. v. Werner,* 288 Ga. App. 457, 459 (2007).

60. Upon information and belief, Defendant does not maintain a place of business in Georgia and has no assets in Georgia, thus relieving Plaintiffs of the Notice and Demand requirements of O.C.G.A. § 10-1-399(b).

61. As a result of Defendant's violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover general damages pursuant to O.C.G.A. § 10-1-399(a).

62. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover exemplary damages pursuant to O.C.G.A. § 10-1-399(a).

63. As a result of Defendant's intentional violations of O.C.G.A. § 10-1-393(a), Plaintiff is entitled to recover treble damages pursuant to O.C.G.A. § 10-1-399(c).

64. Plaintiff is entitled to recover reasonable attorney's fees and expenses of litigation pursuant to O.C.G.A. § 10-1-399(d).

## TRIAL BY JURY

65. Plaintiff is entitled to and hereby requests a trial by jury.

WHEREFORE, Plaintiff prays that judgment be entered against Defendant for:

a.) Plaintiff's actual damages;

b.) Statutory damages pursuant to 15 U.S.C. § 1692k;

c.)   Reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k

d.)   General, exemplary, and treble damages pursuant to O.C.G.A. § 10-1-399(a) & (c);

e.)   Reasonable attorney's fees and costs pursuant to O.C.G.A. § 10-1-399(d); and

f.)   Such other and further relief as may be just and proper.

Respectfully submitted this 8th day of July, 2020.

          **BERRY & ASSOCIATES**
*/s/ Matthew T. Berry*
Matthew T. Berry
Georgia Bar No.: 055663
*matt@mattberry.com*
2751 Buford Highway, Suite 600
Atlanta, GA 30324
Ph. (404) 235-3300
Fax (404) 235-3333

*/s/ Chris Armor*
Christopher N. Armor
Georgia Bar No. 614061
P.O. Box 451328
Atlanta, GA 31145
Phone 470-990-2568
Fax 404-592-6102
*chris.armor@armorlaw.com*
Plaintiff's Attorneys